1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DWIGHT A. STATEN,

11              Plaintiff,                  No. CIV S-08-0517 JAM GGH P

12        vs.

13   JAMES WALKER, et al.,                  ORDER AND

14              Defendants.                 FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is defendants' August 25, 2008, motion to dismiss

18   for failure to state a claim pursuant to Fed. R Civ. P. 12(b)(6).  After carefully considering the

19   record, the court recommends that defendants' motion be granted.

20   LEGAL STANDARD FOR MOTION TO DISMISS.

21              In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),

22   a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

23   it must contain factual allegations sufficient to "raise a right to relief above the speculative

24   level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007).  "The pleading

25   must contain something more...than...a statement of facts that merely creates a suspicion [of] a

26   legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

1   Procedure § 1216, pp. 235-236 (3d ed. 2004).

2         In considering a motion to dismiss, the court must accept as true the allegations of

3 the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S.

4 Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

5 motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421,

6 89 S. Ct. 1843, 1849, <u>reh'g</u> <u>denied</u>, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume

7 that general allegations embrace those specific facts that are necessary to support the claim.'"

8 <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 256, 114 S.Ct. 798, 803

9 (1994), <u>quoting</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

10 Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

11 <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

12         The court may consider facts established by exhibits attached to the complaint.

13 <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also

14 consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d

15 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

16 papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir.

17 1986). The court need not accept legal conclusions "cast in the form of factual allegations."

18 <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

19         A pro se litigant is entitled to notice of the deficiencies in the complaint and an

20 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. <u>See</u>

21 <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987).

22 <u>PLAINTIFF'S CLAIMS</u>

23         This action is proceeding on the amended complaint filed April 24, 2008, as to

24 defendants Walker, Just and Thompson.

25         Plaintiff alleges that on January 1, 2007, defendant Thompson falsely charged

26 plaintiff with a prison disciplinary for possession of controlled medication in violation of Cal.

Code Regs. tit. 15, § 3016.[1]  On January 29, 2007, defendant Just wrongly convicted plaintiff of

the rules violation.  Plaintiff claims that defendant Just violated his right to due process by

refusing to let plaintiff's investigative employee retrieve the correct name of the medication from

the label on the outside of the bags in which it was found.  Plaintiff alleges that defendant

Warden Walker had knowledge of the false allegations and wrongful conviction.

Attached as exhibit D to the amended complaint is a copy of the rules violation

report.  The circumstances of the offense are described in the report by defendant Thompson:

> On 1/1/07 at approximately 1850 hours, while performing a search of cell FB2-207, jointly occupied by inmates STATEN (D-18498) and OTIS (H-14654), the following Controlled Medication was found:
>
> Drug name:
>
> | Seraquel | 300 mg. | 177 tablets |
> | Trileptal | 600 mg. | 46 tablets. |
>
> The above listed Medication was identified by MTA Schiller as Psychotropic Medication.  All medication was located inside resealable plastic baggies with a Pharmacy pre-printed label assigned to inmate STATEN, it should be noted that the labels, as marked indicated an altogether different medication than what was found inside–disguising all contents.  STATEN is aware of this report.

Amended Complaint, Exhibit D.

After finding plaintiff guilty, defendant Just assessed 130 days loss of time

credits, one year mandatory drug testing and 180 days of visiting restriction.  At the Director's

Level of the administrative appeal process, the Director found that Cal. Code Reg. tit. 15, §

3290(I) provided that the prison could penalize petitioner as it did only if the medication was

identified by a pharmacist.  Amended Complaint, Exhibit A.  Because a pharmacist had not

identified the medication, the Director's Level decision ordered a restoration of the assessed time

---

[1]  Section 3016(a) provides that inmates shall not possess any medication, except as specifically authorized by the institution's/facility's health care staff.  Section 3016(d) provides, in relevant part, that inmates shall not possess medication in quantities exceeding the dosage specifically authorized by the institution's/facility's health care staff, nor may an inmate possess medication prescribed to another inmate.

1  credits and a rescission of the order for mandatory drug testing and visit restrictions, i.e. 90 days

2  loss of visiting to be followed by 90 days loss of contact visits.  Id.

3  MOTION TO DISMISS

4         Defendants argue that this action should be dismissed because 1) plaintiff has no

5  constitutional right to be free from wrongfully issued disciplinary reports; 2) plaintiff's right to

6  procedural due process at the disciplinary hearing was not violated in that there is no legal

7  authority requiring defendant Just to instruct the investigative employee to carry out his

8  investigation according to plaintiff's direction; 3) "some evidence" supported the guilty finding;

9  and 4) plaintiff is seeking to hold defendant Walker liable on a theory of respondeat superior.

10         "The requirements of procedural due process apply only to the deprivation of

11  interests encompassed by the Fourteenth Amendment's protection of liberty and property."

12  Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701 (1972).  Pursuant to Sandin v.

13  Conner, 515 U.S. 472, 483, 115 S.Ct. 2293 (1995), a prisoner can show a liberty interest under

14  the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement

15  that imposes an "atypical and significant hardship...in relation to the ordinary incidents of prison

16  life."  515 U.S. at 484, 115 S.Ct. 2293.

17         In the instant case, following the consideration of plaintiff's administrative appeal

18  at the Director's Level, all punishment imposed for the rules violation was rescinded.  Therefore,

19  the only punishment plaintiff suffered as a result of the rules violation was the loss of visiting

20  privileges and random drug testing for the approximately 6 months between when he was found

21  guilty and when the Director's Level decision was decided.  The court does not find that random

22  drug testing constitutes an atypical and significant hardship entitling petitioner to procedural due

23  process.  The court also does not find that the loss of visitation "privileges" for 6 months

24  constitutes an atypical and significant hardship.  See Kentucky Dept. Of Corrections v.

25  Thompson, 490 U.S. 454, 460 (1989) (holding that the Due Process Clause does not directly

26  guarantee a liberty interest in "unfettered visitation.").  Therefore, because plaintiff was restored

his time credits, and because no liberty interest was implicated at the disciplinary proceeding for the remaining "punishment," plaintiff had no right to procedural due process.  On this ground, this action should be dismissed.

Were plaintiff to argue that having the disciplinary on his record might be used against him at a parole suitability hearing, the court would find that the disciplinary does not affect the duration of his sentence in a manner that the law recognizes.  See Sandin, 515 U.S. at 487, 115 S.Ct. 2293 ("Nor does [plaintiff's] situation present a case where the State's action will inevitably affect the duration of his sentence...The chance that a finding of misconduct will alter the balance [of his sentence by affecting his parole eligibility] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.").

Although the court finds that plaintiff has not stated a colorable Due Process claim because no liberty interest was implicated, the court will address the arguments in defendants' motion in an abundance of caution.

Defendants argue that the claim against defendant Thompson should be dismissed because plaintiff has no constitutional right to be free from wrongfully issued disciplinary reports.  It is true that a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of a rules violation.  Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986).  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.  Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).  Because the court below finds no violations of procedural due process at the disciplinary hearing, the claim against defendant Thompson for writing a false disciplinary report is without merit.

Plaintiff argues that defendant Just refused to allow his investigative employee to examine the label on the outside of the bags in which the medication was found.  Plaintiff argues that information regarding the labels may have demonstrated that the medical department made a mistake.  Plaintiff is claiming that defendant Just interfered with his investigative employee as he

1  attempted to investigate the charges against plaintiff.

2         In <u>Wolff v. McDonnell</u>, 418 U.S. 539, 570, 94 S.Ct. 29633 (1974), the Supreme

3  Court extended a due process right to assistance during disciplinary proceedings only where an

4  inmate is "illiterate" or where "the complexity of the issue make it unlikely that the inmate will

5  be able to collect and present the evidence necessary for an adequate comprehension of the case."

6  Plaintiff is clearly not illiterate and the facts of the case against him were not complex.  No one

7  disputed that the labels on the bags in which the medication was found did not match the drugs

8  inside.  Therefore, because plaintiff had no due process right to appointment of an investigative

9  employee, he cannot state a colorable due process claim against defendant Just for interfering

10 with the investigative employee.  Just because plaintiff was assigned an investigative employee

11 does not mean he had a federal due process right to such assistance pursuant to <u>Wolff</u>.

12        Plaintiff also argues that his prison disciplinary conviction was not supported by

13 sufficient evidence.  A decision by a prison disciplinary board that results in punishment

14 constituting an atypical and significant hardship must be supported by some evidence.

15 <u>Superintendent v. Hill</u>, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985).  Under <u>Hill</u>, the relevant

16 question is whether there is any evidence in the record that could support the conclusion reached

17 by the disciplinary board.  472 U.S. at 455-456, 105 S.Ct. 2768.  In examining the record, this

18 court is not to make its own assessment of the credibility of witnesses or re-weigh the evidence.

19 <u>Id.</u> at 455, 105 S.Ct. 2768.  Due process is satisfied so long as there is some evidence to support

20 the decision.  <u>Id.</u>, 105 S.Ct. 2768.

21        Defendant Just found plaintiff guilty for three reasons: 1) defendant Thompson's

22 rules violation report; 2) plaintiff's admission at the disciplinary hearing that he knew that he was

23 not supposed to have the medication; and 3) defendant Thompson's statement at the disciplinary

24 reiterating that plaintiff was not supposed to have the medication.  Amended Complaint, Exhibit

25 D.

26 \\\\\

1    In his opposition to the motion to dismiss, plaintiff contends that he did not

2    actually tell defendant Just that he knew that he was not supposed to have the medication, and

3    that his statement was taken out of context.  Were the court not to consider plaintiff's alleged

4    statement at the disciplinary hearing, defendant Thompson's rules violation report was "some

5    evidence" that plaintiff possessed medication that he was not authorized to possess.  While the

6    medication was not tested at a laboratory by a pharmacist, the identification of the medication as

7    Seraquel and Trileptal by the Medical Technical Assistant (MTA) was sufficiently reliable.[2]  In

8    addition, there was no dispute that plaintiff was not authorized to possess the medication.  The

9    court need not consider plaintiff's suggestions regarding other possible reasons he had the

10   medication because "some evidence" supported defendant Just's finding of guilt.

11   Defendants move to dismiss the claims against defendant Walker because they are

12   based on vicarious liability.  Defendant Walker denied plaintiff's second level appeal.  Amended

13   Complaint, Exhibit B.  Because the court finds no due process violation, the claims against

14   defendant Walker should be dismissed.

15   Because it does not appear that plaintiff can cure the defects described above, the

16   court recommends that the motion to dismiss be granted without leave to amend.

17   On November 12, 2008, plaintiff filed a summary judgment motion.  On

18   November 19, 2008, defendants filed a motion to strike the motion because it does not contain a

19   separate statement of facts as required by Local Rule 56-260(a).  Because the court recommends

20   that defendants' motion to dismiss be granted, plaintiff's summary judgment motion is vacated.

21   Accordingly, IT IS HEREBY ORDERED that:

22   1.  Plaintiff's summary judgment motion (no. 29) is vacated;

23   2.  Defendants' motion to strike the summary judgment motion (no. 31) is

24   disregarded as unnecessary;

25

26   [2]  Simply because the Director determined a pharmacist was necessary for purposes of
state law does not mean that the Due Process Clause would require it.

1    IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (no. 19) be

2 granted.

3    These findings and recommendations are submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

5 days after being served with these findings and recommendations, any party may file written

6 objections with the court and serve a copy on all parties.  Such a document should be captioned

7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8 shall be served and filed within ten days after service of the objections.  The parties are advised

9 that failure to file objections within the specified time may waive the right to appeal the District

10 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 DATED:  12/12/08

12                                                        /s/ Gregory G. Hollows

                                                        _____
13                                                      UNITED STATES MAGISTRATE JUDGE

14

15 stat517.mtd

16

17

18

19

20

21

22

23

24

25

26